# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-280V
Filed: March 13, 2017

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| ANNETTE DOMINGUEZ and LYDIA FAZEKAS, as Personal Representatives of the Estate of REBECCA C. ARANA, | \* \* \* \* | UNPUBLISHED |
| Petitioners, | \* \* | Special Master Sanders |
| v. | \* \* | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* \* \* \* | Joint Stipulation on Damages; Influenza ("Flu") Vaccine; Guillain-Barré Syndrome ("GBS"); Lambert Eaton Myasthenic Syndrome ("LEMS"); Death. |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

Jeffrey S. Pop, Jeffrey S. Pop, Attorney at Law, Beverly Hills, CA, for Petitioner.

Gordon E. Shemin, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On March 18, 2015, Annette Dominguez and Lydia Fazekas ("Petitioners") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program,[2] 42 U.S.C. §§ 300aa-10 to -34 (2012), as the personal representatives of the Estate of Rebecca C. Arana. Petitioners alleged that, as a result of an influenza ("flu") vaccine administered on October 5, 2012, Ms. Arana developed Guillain-Barré Syndrome ("GBS") and Lambert Eaton Myasthenic Syndrome ("LEMS"). *See* Stipulation ¶¶ 1-4, filed Mar. 13, 2017. Petitioners further alleged that Ms. Arana's death was a sequela of either her GBS or LEMS. *Id.* at ¶ 4.

---

[1] This decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On March 13, 2017, the parties filed a stipulation in which they state that a decision should be entered awarding compensation to Petitioners.  *Id.* at ¶ 7.  Respondent denies that the flu vaccine caused Ms. Arana's death, or any other injury.  *Id.* at ¶ 6.  Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioners shall receive the following compensation:

> **A lump sum of $175,000.00 in the form of a check payable to petitioners as the Legal Representatives of the Estate of Rebecca C. Arana.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

*Id.* at ¶ 8.

The undersigned approves the requested amount for Petitioners' compensation.  Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| ANNETTE DOMINGUEZ and LYDIA FAZEKAS, as Personal Representatives of the Estate of REBECCA C. ARANA, | ) ) ) ) | |
| Petitioners, | ) ) | No. 15-280V Special Master Sanders |
| v. | ) ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) | |
| Respondent. | ) ) | |

### STIPULATION

The parties hereby stipulate to the following matters:

1. Annette Dominguez and Lydia Fazekas ("petitioners") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"), as the personal representatives of the Estate of Rebecca C. Arana ("Ms. Arana"), deceased. The petition seeks compensation for injuries and death allegedly related to Ms. Arana's receipt of the influenza ("flu") vaccine, which is a vaccine contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Ms. Arana received the flu vaccine on or about October 5, 2012.

3. The vaccine was administered within the United States.

4. Petitioners allege that as a result of receiving the flu vaccine Ms. Arana suffered Guillain-Barre syndrome ("GBS") and Lambert Eaton Myasthenic Syndrome ("LEMS") and that these conditions were caused-in-fact by the flu vaccine. Petitioners further allege that Ms. Arana's death was a sequela of either her GBS or LEMS.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of Ms. Arana as a result of her condition and/or her death.

6. Respondent denies that Ms. Arana suffered any injury as a result of receiving the flu vaccine on October 5, 2012, and further denies that Ms. Arana's death was a sequela of her allegedly vaccine-related injuries.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $175,000.00 in the form of a check payable to petitioners as the Legal Representatives of the Estate of Rebecca C. Arana.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Payment made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11.  Petitioners represent they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representatives of Ms. Arana's estate under the laws of the State of California.  No payment pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as the legal representative of Ms. Arana's estate.  If petitioners are not authorized by a court of competent jurisdiction to serve as the legal representative of Ms. Arana's estate at the time a payment pursuant to this stipulation is made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as the legal representative of the Estate of Rebecca C. Arana upon submission of written documentation of such appointment to the Secretary.

12.  In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacities, and as the legal representatives of Ms. Arana's estate, on their own behalf, and on behalf of the Estate and Ms. Arana's heirs, executors, administrators, successors and/or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Ms. Arana resulting from, or alleged to have resulted from, the flu vaccine administered on or about October 5, 2012 as alleged in a petition for vaccine compensation filed on or about March 18, 2015, in the United States Court of Federal Claims as petition No. 15-280V.

13.  If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

14.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further that a change in the items of compensation sought is not grounds to modify or revise this agreement.

15.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Ms. Arana's alleged GBS, LEMS, or any other injury or death.

16.  All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of the estate of Ms. Arana.

## END OF STIPULATION

Respectfully submitted,

PETITIONER:

ANNETTE DOMINGUEZ

PETITIONER:

LYDIA FAZEKAS

ATTORNEY OF RECORD FOR
PETITIONERS:

JEFFREY S. POP
Jeffrey S. Pop & Associates
9107 Wilshire Blvd., Suite 700
Beverly Hills, CA 90210
(310) 273-5462

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

NARAYAN NAIR, MD
Director, Division of Injury
Compensation Programs (DICP),
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

GORDON SHEMIN
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4208

Dated: March 13, 2017